**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

0 6 - 5 4 9

| | |
|---|---|
| EVC, Inc. t/a CORBETT & ASSOCIATES<br>n/k/a CORBETT & WILCOX,    : | |
|                          : | |
|         Plaintiff,    : | Civil Action No. 06C-07-69 JRS |
|                          : | |
|     v.                     : | |
|                          : | |
| HARTFORD CASUALTY INSURANCE CO.,  : | |
|                          : | |
|         Defendant.    : | |

## NOTICE OF REMOVAL

TO THE CHIEF JUDGE AND JUDGES AND CLERK OF THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF DELAWARE

       Please take notice that Defendant Hartford Casualty Insurance Company,

(hereinafter "Hartford"), removes this action pursuant to 28 U.S.C. §1441 and §1446, and in

support of the removal, states as follows:

       1.     Plaintiff EVC, Inc. t/a Corbett & Associates n/k/a Corbett & Wilcox

("EVC") brought this action against Hartford in the Superior Court of Delaware in and for New

Castle County, by filing a Complaint on or about July 12, 2006. This lawsuit was assigned the

case number C.A. No. 06C-07-69 JRS. A true and correct copy of the Complaint and related

documents is attached hereto as Exhibit "A."

       2.     Pursuant to 18 Del. C. § 525, EVC served the complaint on the Delaware

Insurance Commissioner on August 2, 2006. On or about August 4, 2006, the Delaware

Insurance Commissioner sent the Complaint to Hartford via certified mail.

       3.     The Complaint constitutes all process, pleadings, and orders received by

Hartford in this action.

4.      The basis for removal is diversity of citizenship. Pursuant to 28 U.S.C. § 1332(a)(1), United States District Courts have jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.

5.      Upon information and belief, EVC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 230 N. Market Street, Wilmington, Delaware 19801. Accordingly, under 28. U.S.C. § 1332(c)(1), EVC is a citizen of Delaware.

6.      Hartford Casualty Insurance Company was, at the time this action was commenced, and is; a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Hartford, Connecticut. Accordingly, under 28 U.S.C. § 1332(c)(1), Hartford is a citizen of Indiana and Connecticut.

7.      According to the Complaint, EVC seeks to recover compensatory damages for the cost of defense of EVC's suit against Wilcox & Fetzer, Ltd. (the "Underlying Litigation"), which is the subject of EVC's claim. Additionally, EVC seeks indemnity for any damages awarded to Wilcox & Fetzer, Ltd. in the Underlying Litigation. EVC also purports to state causes of action for bad faith breach of contract and seeks to recover punitive damages and attorneys' fees for the present action.

8.      In light of the allegations in the Complaint and EVC's demand for compensatory damages, punitive damages, as well as attorneys' fees, the amount in controversy exceeds $75,000.

9.      Moreover, complete diversity of citizenship exists between EVC, a Delaware citizen, and Hartford, a citizen of Indiana and Connecticut.

10.     This present lawsuit is removable from the State Court to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1332(a)(1) and § 1441(a).

11.     This Notice is timely, it being filed within thirty (30) days of Hartford's receipt of a copy of the Complaint setting forth the claims for relief upon which the action is based as provided under 28 U.S.C. § 1446(b).

12.     Hartford will give written notice of the filing of this Notice of Removal to the plaintiff and to the Clerk of the Superior Court of the State of Delaware in and for New Castle County as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant Hartford, having met all of the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all jurisdictional requirements established by 28 U.S.C. § 1332, requests that the above-captioned action proceed in this Court.

**BALLARD SPAHR ANDREWS &
INGERSOLL, LLP**

BY:_____
         William M. Kelleher, Esquire (I.D. No. 3961)
         919 N. Market Street, 12th Floor
         Wilmington, DE 19801-3034
         302-242-4465

         Attorney for Defendant,
         Hartford Casualty Insurance Company

Dated: September 1, 2006

Of counsel:

John C. Grugan, Esquire
James C. Carroll, Esquire
**Ballard Spahr Andrews & Ingersoll, LLP**
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
215-665-8500

## CERTIFICATE OF SERVICE

I, William M. Kelleher, certify that I have this day served a true and correct copy

of the below described pleading or motion upon opposing counsel and the Prothonotary at the

addresses listed below:

Pleading or Motion served:                    Notice of Removal

Opposing Counsel:                             John C. Phillips, Jr., Esquire
                                              Brian E. Farnan, Esquire
                                              **Phillips, Goldman & Spence, P.A.**
                                              1200 North Broom Street
                                              Wilmington, DE 19806


Mode of Service:                              Via first class mail


Prothonotary:                                 Prothonotary – New Castle County
                                              New Castle Courthouse
                                              New Castle, Delaware

Mode of Service:                              Via electronic filing


William M. Kelleher


Dated: September 1, 2006

# EXHIBIT A



Matthew Denn
Insurance Commissioner

Department of Insurance
841 Silver Lake Blvd.
Dover, DE 19904-2465
(302) 674-7300
(302) 739-5280 fax

AUGUST 2, 2006

**VIA CERTIFIED MAIL (70050390000458821909)**
**RETURN RECEIPT REQUESTED**

CORPORATION SERVICE COMPANY
HARTFORD CASUALTY INSURANCE CO.
2711 CENTERVILLE ROAD, SUITE 400
WILMINGTON, DE 19808

RE: EVC INC. et al. V. HARTFORD CASUALTY INSURANCE COMPANY
C.A. NO. 06C-07-69

Dear SIR OR MADAM:

Pursuant to 18 Del. C. § 525, the Delaware Insurance Commissioner was
served with the enclosed legal process on AUGUST 2, 2006.

**Please do not send your response to the enclosed documentation**
**to the Delaware Insurance Department.   Instead, you should**
**respond directly to the person or legal representative identified**
**in the enclosed legal process.**

Sincerely,

Donna M. Wysopal
Administrative Specialist III

Enclosure
cc: JOHN C. PHILLIPS, JR.

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

FILED
PROTHONOTARY

IN AND FOR NEW CASTLE COUNTY          2006 JUL 12  PH 3: 15

| | | |
|---|---|---|
| EVC, Inc. t/a CORBETT & ASSOCIATES | ) | |
| n/k/a CORBETT & WILCOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06C-07-69 |
| | ) | |
| HARTFORD CASUALTY | ) | NON-ARBITRATION CASE |
| INSURANCE COMPANY, | ) | DECLARATORY JUDGMENT ACTION |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PRAECIPE**

TO:    Prothonotary

**PLEASE ISSUE** Summons to the Sheriff of Kent County to serve the Complaint upon

Defendant HARTFORD CASUALTY INSURANCE COMPANY, through the State of Delaware

Insurance Commissioner, 841 Silver Lake Boulevard, Dover, Delaware 19901 pursuant to 18

Del. C. § 524.

PHILLIPS, GOLDMAN & SPENCE, P.A.

John C. Phillips, Jr. (#110)
Brian E. Farnan (#4089)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200

Attorneys for Plaintiff

DATE: July 11, 2006

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

EVC, Inc. t/a CORBETT & ASSOCIATES )
n/k/a CORBETT & WILCOX,           )
                                  )
        Plaintiff,                )
                                  )
v.                                )    C.A. No. 06C-07-6A JRS
                                  )
HARTFORD CASUALTY                 )    NON-ARBITRATION CASE
INSURANCE COMPANY,                )    DECLARATORY JUDGMENT ACTION
                                  )
        Defendant.                )
                                  )

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF KENT COUNTY:**
**YOU ARE COMMANDED:**

     To summon the above named defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon John C. Phillips, Jr., Esquire, plaintiff's attorney, whose address is 1200 North Broom Street, Wilmington DE 19806, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

     To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff).

Dated: 7/21/06

SHARON AGNEW
Prothonotary
Per Deputy

**TO THE ABOVE NAMED DEFENDANT:**

     In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

SHARON AGNEW
Prothonotary
Per Deputy

Rev 5/91-1

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY:  ·N    K    S          CIVIL ACTION NUMBER: _____

CIVIL CASE CODE: CDEJ_____     CIVIL CASE TYPE: Declaratory Judgment

FILED
PROTHONOTARY
2006 JUL 12  PM 3: 15

(SEE REVERSE SIDE FOR CODE AND TYPE)

| CAPTION: | NAME AND STATUS OF PARTY FILING DOCUMENT: |
|---|---|
| EVC, Inc. t/a Corbett & Associates n/k/a | EVC, Inc. t/a Corbett & Associates n/k/a Corbett & Wilcox - Plaintiff |
| Corbett & Wilcox_____ | DOCUMENT TYPE: (E.G., COMPLAINT; ANSWER WITH COUNTERCLAIM) |
| v. _____ | Complaint |
| Hartford Casualty Insurance Company _____ | NON-ARBITRATION ____X____    eFile _____ (CERTIFICATE OF VALUE MAY BE REQUIRED) |
| | ARBITRATION _____ MEDIATION _____ NEUTRAL ASSESSMENT _____ |
| | DEFENDANT (CIRCLE) ONE    ACCEPT    REJECT |
| | JURY DEMAND _____ YES _____ NO |
| | TRACK ASSIGNMENT REQUESTED: (CIRCLE ONE) |
| | EXPEDITED    STANDARD    COMPLEX |
| ATTORNEY NAME(S): | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS |
| John C. Phillips, Jr. and Brian E. Farnan ATTORNEY ID(S): | |
| 110 and 4089 FIRM NAME: | |
| Phillips, Goldman & Spence, P.A. ADDRESS: | EXPLAIN THE RELATIONSHIP(S): _____ |
| 1200 North Broom Street | |
| Wilmington, DE 19806 TELEPHONE NUMBER: | |
| 302-655-4200 FAX NUMBER: | |
| 302-655-4210 E-MAIL ADDRESS: | OTHER UNUSUAL ISSUES THAT EFFECT CASE MANAGEMENT: |
| jcp@pgslaw.com and bef@pgslaw.com | |
| | (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

**THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.**

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

FILED

IN AND FOR NEW CASTLE COUNTY 06 JUL 12 PM 3: 15

| | |
|---|---|
| EVC, Inc. t/a CORBETT & ASSOCIATES<br>n/k/a CORBETT & WILCOX,<br><br>      Plaintiff,<br><br>v.<br><br>HARTFORD CASUALTY<br>INSURANCE COMPANY,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 06C-07-69 JRS<br>)<br>)  NON-ARBITRATION CASE<br>)  DECLARATORY JUDGMENT ACTION<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, EVC, Inc., trading as Corbett & Associates n/k/a Corbett & Wilcox ("Plaintiff"), brings this action against defendant, Hartford Casualty Insurance Company ("Defendant"),and alleges as follows:

## INTRODUCTION

1.     This action seeks damages incurred by Plaintiff as a result of Defendant's failure to defend Plaintiff in litigation recently initiated against Plaintiff as required under the business liability insurance Defendant sold to Plaintiff.

2.     This action also seeks declaratory judgment pursuant to 10 Del. C. § 6501 et seq. as to Defendant's obligations under the business liability insurance with respect to the litigation recently initiated against Plaintiff.

**LAW DEPARTMENT**

AUG 0 7 '06

**RECEIVED**

**PARTIES**

3.      Plaintiff is a Delaware corporation with its principal place of business at 230 N.

Market Street, Wilmington, Delaware 19801.  Plaintiff provides freelance court reporting

services to the surrounding legal community.

4.      Defendant is an Indiana corporation with its principal place of business

at Hartford Plaza, Hartford, Connecticut 06116.  Defendant is an insurance company, authorized

to do business within the State of Delaware and, as such, has designated the Insurance

Commissioner of the State of Delaware as its agent for service of process pursuant to 18 Del. C.

§ 524.

**JURISDICTION**

5.      This Court has jurisdiction over Defendant pursuant to 10 Del. C. § 3104, because

Defendant is authorized to do business in Delaware, contracted to insure risks located in

Delaware, and has, within the relevant time period, transacted business within Delaware.

**THE POLICY**

6.      Defendant sold Plaintiff comprehensive business insurance, including business

liability insurance, identified as Policy No 44 SBA TE6003 and effective from September 1,

2005 through September 1, 2006 (the "Insurance Policy").  A copy of the Insurance Policy is

attached as Exhibit A.

7.      Under the Insurance Policy, Defendant promised that it would pay on behalf of the

Plaintiff sums Plaintiff is obligated to pay as damages for "personal and advertising injury" to

which the Insurance Policy applies and to defend Plaintiff in any suit seeking such damages.

2

## THE UNDERLYING LITIGATION

8.      On March 28, 2006, a lawsuit was filed against Plaintiff in the Delaware Court of

Chancery captioned <u>Wilcox & Fetzer Ltd. v. Corbett & Wilcox</u>, C.A. No. 2037-N (the

"Underlying Litigation").  A copy of the Complaint in the Underlying Litigation is attached as

Exhibit B.

9.      It is alleged in the Complaint that Plaintiff, <u>inter alia</u>, has engaged in a misleading

promotional/advertising campaign in violation of the Uniform Deceptive Trade Practices Act, 6

<u>Del. C.</u> § 2531, <u>et seq.</u>, which has allegedly caused damage to another's business and business

reputation.

10.     Plaintiff has sought insurance coverage for the Underlying Litigation under the

Insurance Policy, but Defendant denied Plaintiff's request for coverage.

## COUNT I- BREACH OF CONTRACT

11.     Plaintiff repeats and incorporates by reference the allegations in paragraphs 1

through 10 above.

12.     Defendant has a contractual duty to Plaintiff to defend Plaintiff in the Underlying

Litigation.

13.     Defendant has breached the terms of the Insurance Policy by failing to defend

Plaintiff in the Underlying Litigation.

14.     As a direct and proximate result of Defendant's breach of contract, Plaintiff has

suffered, and will continue to suffer, monetary loss as a result of having to pay fees and costs it

has incurred in defending the Underlying Litigation.

## COUNT II - DECLARATORY JUDGMENT

15.    Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 14 above.

16.    The Insurance Policy obligates Defendant to defend Plaintiff in the Underlying Litigation and to pay on behalf of Plaintiff any damages awarded for "personal and advertising injury" covered under the Insurance Policy.

17.    Defendant has refused to perform its obligations under the Insurance Policy with respect to the Underlying Litigation.  As a result, Plaintiff has incurred defense fees and costs which it has paid, and will continue to incur defense fees and costs, in the Underlying Litigation which Plaintiff is entitled to coverage under the Insurance Policy.

18.    An actual controversy exists between Plaintiff and Defendant regarding Plaintiff's rights and Defendant's obligations under the Insurance Policy with respect to the Underlying Litigation.

19.    Pursuant to the provisions of 10 Del. C. § 6501 et seq., Plaintiff is entitled to a declaratory judgment by the Court of Plaintiff's rights and the Defendant's duties, and declaratory judgment is necessary as to Plaintiff's rights and Defendant's duties, regarding Defendant's duty to defend and pay on behalf of Plaintiff any award of damages in the Underlying Litigation.

## COUNT III - BAD FAITH

20.    The allegations of paragraphs 1 through 19 of the complaint are incorporated by reference.

4

21.     The Defendant had no reasonable justification to deny coverage. Therefore, the denial of coverage was done in bad faith, entitling Plaintiff to punitive damages and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment (i) for the amounts expended by Plaintiff in defending the Underlying Litigation, in an amount to be determined at trial; (ii) declaring that Defendant is obligated to defend Plaintiff in the Underlying Litigation; (iii) declaring that Defendant is obligated to pay on behalf of Plaintiff any damages awarded for "personal and advertising injury" in the Underlying Litigation; (iv) awarding punitive damages for Defendant's bad faith refusal to defend the Underlying Litigation; (v) for all attorneys' fees and costs incurred by Plaintiff in this action; (vi) for pre- and post-judgment interest in both the Underlying Litigation and this action; (vii) for costs; and (viii) for such further relief as the Court deems just and proper.

Respectfully submitted,

PHILLIPS, GOLDMAN & SPENCE, P.A.

John C. Phillips, Jr. (#110)
Brian E. Farnan (#4089)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200

Attorneys for Plaintiff

DATE: July 11, 2006

5

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
EVC, Inc. t/a CORBET & ASSOCIATES
n/k/a CORBETT & WILCOX

**DEFENDANTS**
HARTFORD CASUALTY INSURANCE CO.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

New Castle

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

Hartford County

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John C. Phillips, Jr., Esquire
Brian E. Farnan, Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200

ATTORNEYS (IF KNOWN)
William M. Kelleher, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
919 N. Market Street, 12th Floor
Wilmington, DE  19801

**II.   BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV.   NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [X] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Over-payment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>[ ] 153 Recovery of Over-payment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury | **PERSONAL INJURY**<br>[ ] 362 Personal Injury – Med Malpractice<br>[ ] 365 Personal Injury – Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 610 Agriculture<br>[ ] 620 Other Food & Drug<br>[ ] 625 Drug Related Seizure of Property 21 USC<br>[ ] 630 Liquor Laws<br>[ ] 640 R.R. & Truck<br>[ ] 650 Airline Regs.<br>[ ] 660 Occupational Safety/Health<br>[ ] 690 Other<br>**LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Mgmt. Relations<br>[ ] 730 Labor/Mgmt. Reporting & Disclosure Act<br>[ ] 740 Railway Labor Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Emp. Ret. Inc. Security Act | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 840 Trademark<br>**SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS – Third Party 26 USC 7609 | [ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce/ICC Rates/etc.<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 810 Selective Service<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 875 Customer Challenge 12 USC 3410<br>[ ] 891 Agricultural Acts<br>[ ] 892 Economic Stabilization Act<br>[ ] 893 Environmental Matters<br>[ ] 894 Energy Allocation Act<br>[ ] 895 Freedom of Information Act<br>[ ] 900 Appeal of Fee Determination Under Equal Access to Justice<br>[ ] 950 Constitutionality of State Statutes<br>[ ] 890 Other Statutory Actions |
| **REAL PROPERTY**<br>[ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | **CIVIL RIGHTS**<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 444 Welfare<br>[ ] 440 Other Civil Rights | **PRISONER PETITIONS**<br>[ ] 510 Motions to Vacate Sentence Habeas Corpus:<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition | | | |

**V.   ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI.   CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
28 U.S.C. Section 1332(A)(1); Removal from state court pursuant to 28 U.S.C. Sections 1441, 1446

**VII.   REQUESTED IN COMPLAINT:**   [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint:   JURY DEMAND:   [ ] Yes   [ ] No

**VIII.   RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   1 Sept 2006

SIGNATURE OF ATTORNEY OF RECORD   W. M. Kelleher

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

DMEAST #9593931 v1

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____

## ACKNOWLEDGMENT
## OF  RECEIPT  FOR AO FORM  85

### *NOTICE OF AVAILABILITY OF A*
### *UNITED STATES MAGISTRATE JUDGE*
### *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

SEP 0 1 2006
_____          _____
(Date forms issued)                  (Signature of Party or their Representative)

Nick  Meadows
_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action